IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MANUEL BAYONA-MONTES, | § | |
| Reg. No. 57084-380, | § | |
|    Movant, | § | |
| | § | EP-18-CV-53-PRM |
| v. | § | EP-15-CR-1608-PRM-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|    Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Movant Manuel Bayona-Montes's [hereinafter "Movant"] pro se "Petition for Section 2255 to Vacate, Set Aside or Reduce Sentence" (ECF No. 109)[1] [hereinafter "§ 2255 Motion"], filed on February 13, 2018, in the above-captioned cause. Therein, Movant challenges the 188-month sentence imposed by the Court after he pleaded guilty to conspiring to possess with the intent to distribute more than 500 grams of cocaine. After due consideration, the Court is of the opinion that Movant's § 2255 Motion should be denied, for the reasons that follow. Additionally, the Court is of the opinion that Movant should be

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-15-CR-1608-PRM-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

denied a certificate of appealability.

## I. BACKGROUND AND PROCEDURAL HISTORY

On August 12, 2015, Customs and Border Protection officers stopped a white Dodge Ram 1500 truck entering the United States from Mexico at the Paso Del Norte Port of Entry in El Paso, Texas. *See* Plea Agreement (Factual Basis), Jan. 13, 2016, ECF No. 63 (providing a more complete factual summary). They observed Movant and a passenger, later identified as Movant's wife, inside the vehicle. They escorted the truck to a secondary inspection area based upon numerous database alerts on the vehicle.

During the secondary inspection, an officer opened the hood and noticed that someone had recently removed the engine's intake manifold.[2] When he detached the vacuum hose, he noticed an obstruction inside the manifold. Another officer conducted a canine sweep of the vehicle. His narcotics-detecting dog alerted to the front engine compartment. The officers subsequently extracted five, silver-taped bundles from the engine

---

[2] A "manifold" is defined as "a pipe fitting with several lateral outlets for connecting one pipe with others; *also*: a fitting on an internal combustion engine that directs a fuel and air mixture to or receives the exhaust gases from several cylinders." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 706 (10th ed. 2001).

manifold. Laboratory analysis confirmed that the bundles contained cocaine with a net weight of 3.981 kilograms.

Based on information provided by multiple cooperating defendants, Drug Enforcement Administration special agents determined that Movant had been transporting or assisting in transporting drugs from El Paso, Texas, to other cities in Texas, California, and New Mexico since May of 2014.

On September 10, 2015, a grand jury returned a four-count Indictment against Movant. Indictment, Sept. 10, 2015, ECF No. 21. The Indictment charged Movant with conspiring to import 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960, and 963 (count one); importing 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960 (count two); conspiring to possess 500 grams or more of cocaine, with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count three); and possessing 500 grams or more of cocaine, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(l)(B)(ii) (count four). *Id.*

Movant's counsel negotiated a Plea Agreement with the Government. Plea Agreement, Jan. 13, 2016, ECF No. 63. Under its

terms, Movant agreed to plead guilty to count three of the Indictment and waive his right to appeal or collaterally attack his sentence except "on grounds of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension." *Id.* at 1, 5. In exchange, the Government agreed to move to dismiss the remaining counts of the Indictment. *Id.* at 1.

On January 13, 2016, Movant appeared before a U.S. Magistrate Judge and pleaded guilty to count three of the Indictment, pursuant to the Plea Agreement.

The probation officer who prepared the Presentence Investigation Report ("PSR") recommended that the Court hold Movant "accountable for a combined total of 59.7 kilograms of cocaine and 6.6 kilograms of heroin." PSR ¶ 44, Mar. 29, 2016, ECF No. 81. This resulted in a base offense level of 34. *Id.* at ¶ 51. The probation officer also recommended that the Court adjust the base offense four levels upward because Movant was a "leader/organizer" directly involved in importing drugs from Mexico, and three levels downward because of Movant's "acceptance of responsibility." *Id.* at ¶¶ 52, 55, 59, 60. The probation officer further recommended that "[b]ased upon a total offense level of 35 and a criminal history category of

4

II, the guideline imprisonment range is 188 months to 235 months." *Id.* at ¶ 91.

Movant's counsel objected to the probation officer's reliance on information provided by "confidential informants" to determine the quantity of drugs attributable to the conspiracy and to calculate Movant's base offense level. Def.'s Obj., Mar. 29, 2016, ECF No. 81-2. He argued that the upward adjustments for "leader/organizer" and for direct involvement in the "importation of drugs" where an aggravating role was assessed were unwarranted and asked for a downward adjustment for Movant's "minor role." *Id.*

The Court rejected the arguments by Movant's counsel and adopted the PSR without change. Statement of Reasons, Apr. 5, 2016, ECF No. 94. The Court sentenced Movant at the bottom of the guideline range to 188 months' imprisonment. J. Crim. Case, Apr. 5, 2016, ECF No. 93.

The attorney appointed to represent Movant on his direct appeal filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). *United States v. Bayona-Montes*, No. 16-50377 (5th Cir. Feb. 6, 2017). Movant did not respond. The Fifth Circuit Court of Appeals reviewed counsel's brief and

the relevant portions of the record. It concurred with counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and on February 6, 2017, it dismissed the appeal. *Id.*

On February 13, 2018, Movant filed his § 2255 Motion. Mot. to Vacate, Feb. 13, 2018, ECF No. 109.

In his § 2255 Motion, Movant asserts that the "sentence and conviction should be overturned ab initio by reason of a fatally defective indictment." *Id.* at 6. In addition, he claims that his counsel provided constitutionally ineffective assistance when he failed to (1) "seek . . . arbitration on his objections to the pre-sentencing report," (2) "argue aggressively for a minor role," (3) investigate "his case thoroughly," (4) "subject the prosecution's case to meaningful adversarial testing," and (5) argue that the indictment was "defective." *Id.* at 7–8. Furthermore, he asserts that the Court erred when it imposed a "substantially unreasonable" sentence. *Id.* at 9. Accordingly, Movant asks the Court to "grant the requested relief." *Id.* at 17.

## II. APPLICABLE LAW

A court is normally "entitled to presume that the defendant stands fairly and finally convicted" after the defendant has been convicted and

exhausted or waived any right to appeal. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). However, a court may consider a defendant's collateral attack on a federal sentence through a § 2255 motion. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). In addition, a court may grant a defendant relief pursuant to § 2255 for errors which occurred at trial or at sentencing. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).

A § 2255 motion is not a substitute for a direct appeal. *Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). It "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (emphasis added) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

The movant ultimately bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)). A movant must show that: (1) his sentence

was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was more than the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

A court may deny a § 2255 motion without a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b) (2012); *see also United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing."). Indeed, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See* 28 U.S.C. foll. § 2255 Rule 4(b).

When a court finds that the movant is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear

appropriate." 28 U.S.C. § 2255(b). Thus, a court has "'broad and flexible power . . . to fashion an appropriate remedy.'" *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997)); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) ("[T]he provisions of the statute make clear that in appropriate cases a § 2255 proceeding can also be utilized to provide a . . . flexible remedy."); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("As an initial matter, we note the broad leeway traditionally afforded district courts in the exercise of their § 2255 authority. . . . This is so because a district court's power under § 2255 'is derived from the equitable nature of habeas corpus relief.'") (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)).

## III.  ANALYSIS

### A.  Defective Indictment

Movant "contends, although he was charged with a conspiracy, the factual proof of the case shows a series of buyer-sellers [sic] relationships, leading to a constructive amendment" of the Indictment. Mot. to Vacate 6, Feb. 13, 2018, ECF No. 109. He argues that "[a] constructive amendment . . . violates the Fifth Amendment grand jury clause, which

9

guarantees the accused the right to be tried on the indictment returned by the grand jury." *Id.*

It is true that "after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215–16 (1960). In addition, it is "true that a buyer-seller relationship, without more, will not prove a conspiracy, . . . One becomes a member of a drug conspiracy if he knowingly participates in a plan to distribute drugs, whether by buying, selling or otherwise." *United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (quoting *United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993)).

However, Movant admitted in the written Plea Agreement that on August 12, 2015, he "conspired" with his wife "and others to possess over 500 grams of cocaine, with intent to distribute that cocaine to others." Plea Agreement (Factual Summary), Jan. 13, 2016, ECF No. 63.

Further, as the Court noted above, a § 2255 motion is not a substitute for a direct appeal. *Frady*, 456 U.S. at 165; *Shaid*, 937 F.2d at 231. When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a movant must either

(1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error; or (2) show that he is "actually innocent" of the crime for which he was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999).

The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id.*

"A mere possibility of prejudice will not satisfy the actual prejudice prong of the cause and prejudice test," and a movant must instead "'shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Shaid*, 937 F.2d at 231 (quoting *Frady*, 456 U.S. at 170).

11

The cause-and-actual-prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal." *Gaudet,* 81 F.3d at 589. If the movant does not meet either burden, then he is procedurally barred from attacking his conviction or sentence. *United States v. Drobny*, 955 F.2d 990, 994–95 (5th Cir. 1992).

In this case, the factual basis for Movant's claim—that the Indictment was constructively amended—was available to him at the time he entered his plea. Furthermore, he has not alleged that an objective factor prevented him from timely raising his claim at his plea hearing, at his sentencing hearing, or in his direct appeal. Thus, he has not shown cause for failing to raise his claim by the time of his direct appeal. Moreover, the evidence against Movant, provided by multiple cooperating defendants, was overwhelming. The evidence showed that Movant conspired with others to possess, with intent to distribute, 500 grams or more of cocaine. Consequently, the Court determines that Movant is procedurally barred from pursuing his claim in a § 2255 motion.

Finally, Movant pleaded guilty to the conspiracy. "It is well-settled that '[w]hen a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior

proceedings.'" *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th

Cir. 2008) (quoting *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir.

2007)).   And in this case, Movant signed a limited waiver of his right to

collaterally attack his sentence through a § 2255 motion.   Plea

Agreement 5, Jan. 13, 2016, ECF No. 63.   *See United States v. White*, 307

F.3d 336, 339 (5th Cir. 2002) ("[A] defendant can waive his right to file a

section 2255 motion.").   According to the terms of his Plea Agreement,

Movant may proceed with a § 2255 motion only "on grounds of ineffective

assistance of counsel or prosecutorial misconduct of constitutional

dimension."   *Id.*   He may not proceed on a claim that the Indictment was

constructively amended.   For these reasons, the Court finds that Movant

has waived this claim.   Therefore, Movant is not entitled to § 2255 relief

on this claim.

## B.   Ineffective Assistance of Counsel

Movant asserts that his counsel provided constitutionally ineffective

assistance when he failed to (1) "seek . . . arbitration on his objections to

the pre-sentencing report"; (2) "argue aggressively for a minor role"; (3)

investigate "his case thoroughly"; (4) "subject the prosecution's case to

meaningful adversarial testing"; and (5) argue that the indictment was "defective." Mot. to Vacate 7–8, Feb. 13, 2018, ECF No. 109.

The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel—including when he enters a guilty plea. *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017). A court analyzes an ineffective assistance of counsel claim presented in a § 2255 motion pursuant to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, a movant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689–94.

To show deficient performance, a movant must establish that his counsel's performance fell below an objective standard of reasonable competence. *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993). To establish prejudice where a movant pleaded guilty, the movant must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In addition, the

14

movant must show that going to trial "would have given him a reasonable chance of obtaining a more favorable result," such as an acquittal or an aggregate sentence less than that imposed by the Court. *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir.) (en banc), *cert. denied*, 137 S. Ct. 236 (2016); *see also Missouri v. Frye*, 566 U.S. 146–47 (2012) (stating that, to establish prejudice, the defendant must "show a reasonable probability that the end result of the criminal process would have been more favorable," but for the ineffective assistance of counsel).

The burden of proof is on the movant alleging ineffective assistance. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999). If the movant fails to prove one prong, it is not necessary to analyze the other. *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 1. Arbitration

Movant claims that his counsel provided ineffective assistance when he failed to "seek . . . arbitration on his objections to the pre-sentencing

report." Mot. to Vacate 7, Feb. 13, 2018, ECF No. 109. Specifically,

Movant states that his counsel did not preserve his objections to the PSR

for appeal:

> Counsel did not subject the government's case to strict
> adversarial testing. Despite raising several cognizable issues
> in the objections to the pre-sentencing report, those issues were
> not preserved for appeal, because Counsel did not deem it
> provident to raise them and other ideas by filing a direct appeal.

*Id.*

However, Movant's counsel filed written objections to the probation

officer's reliance on information provided by "confidential informants" to

calculate Movant's base offense level. Def.'s Obj., Mar. 29, 2016, ECF No.

81-2. Furthermore, Movant's counsel argued that the upward

adjustments for "direct involvement in the importation of drugs" and

"leader/organizer" were unwarranted, and asked for a downward

adjudgment for "minor role." *Id.*

The Government maintained that the facts presented in the PSR

were sufficiently reliable to determine Movant's base offense level:

> The corroborative observations and detailed statements of each
> CS, combined with the similar admissions of Bayona-Montes
> and his wife Ruth Bayona-Gandara, support the reliability of
> the statements. These uncontroverted  facts set out in the
> PSR are sufficiently reliable evidence on which the Court is
> entitled to rely in determining Defendant Bayona-Montes' base

offense level.

Gov't's Resp. to Def.'s Obj. 3, Apr. 4, 2016, ECF No. 89-1. The Government argued that Movant's admission that he helped load his truck with cocaine and was paid "to smuggle that cocaine into the United States, alone supports the two-point increase for his direct involvement in the importation of a controlled substance." *Id.* In addition, the Government argued that Movant was a leader/organizer of the conspiracy and, therefore, did not qualify for minor role:

> The facts of this case plainly establish that Defendant Bayona-Montes <u>does</u> <u>not</u> qualify for a mitigating role. As previously described above, and more fully set out in the PSR, Bayona-Montes recruited, trained, instructed, and paid other individuals involved with him in the distribution of drugs and drug proceeds on multiple occasions.

*Id.* at 4.

The Court—acting as the arbiter of this dispute—rejected the argument that the probation officer's reliance on information from the confidential sources both lacked specificity and was misplaced:

> A general disagreement with the reliability of the confidential source . . . is not adequate to raise the standard that allows the court to determine the nature of the objection and to weigh whatever the evidence is, and so therefore, it's denied, your exception is noted.

17

. . . .

> The information relating to the identity of the confidential
> sources is not something that's been kept from you. You know
> who they are, and certainly their trustworthiness, given the
> biological relationship and information that is in the PSR,
> certainly is something that doesn't escape the court.

Sentencing Tr. 8, 14, May 6, 2016, ECF No. 101. In addition, the Court

denied Movant's objections as to role and direct involvement in the

importation of drugs, but noted the exceptions and preserved the error.

*Id.* at 16.

In sum, Movant's counsel both made and preserved his objections to

the PSR. As a result, Movant cannot now show that his counsel's

performance was deficient or prejudiced his cause. *Strickland*, 466 U.S. at

687. Therefore, Movant is not entitled to relief on this claim.

### 2. Minor Role

Movant asserts that his counsel failed to "argue aggressively for a

minor role." Mot. to Vacate 7, Feb. 13, 2018, ECF No. 109. Specifically,

he contends that the "judicial proceedings show that he was only involved

in buy-sell transactions." *Id.* Moreover, he states that "the workers

under his employ . . . accompanied [him] on some if [sic] the trips to deliver

drugs but that was the extent of it." *Id.*

Movant's PSR identified him as a leader/organizer—not a minor player—in the conspiracy:

> In this case, Bayona-Montes is identified as a leader/organizer and recruited CS-1, CS-2, CS-3, and his wife. Bayona-Montes was directly involved in the importation of drugs from Mexico into the United States, as he was arrested attempting to import 3.98 kilograms of cocaine from Mexico into the United States on August 12, 2015. Therefore, it appears a two-level increase is warranted.

PSR ¶ 52, Mar. 29, 2016, ECF No. 81.

Movant's counsel objected to the failure of the PSR to award Movant a minor role adjustment:

> Defendant objects to paragraph 52 and 54 of the PSR where the Probation Department has not awarded the Defendant with a minor role reduction of two (2) points for having a lesser involvement based on the reliable information in this case.

Def.'s Obj. 2, Mar. 29, 2016, ECF No. 81-2.

In addition, his counsel orally objected at Movant's sentencing hearing:

> Further, Judge, . . . under the role part, we don't believe the government has alleged with any specificity the kind of conduct or the kind of level of participation with any specificity, especially when it comes to confidential informants, Judge, that would show that he is worth either the two-point increase under . . . the adjusted role and the offense and the specific characteristics.

Sentencing Tr. 9, May 6, 2016, ECF No. 101.

The Government countered that Movant played an aggravating role in the conspiracy:

> Your Honor, I think that Mr. Bayona's role is, unfortunately, an aggravating role. He, unfortunately, recruited several individuals to start moving these drugs . . .
>
> He then trained them, he then paid them, he then accepted the money from drug proceeds that they returned back to him. There are statements then that they knew that that money would then be taken back to Mexico.
>
> It's unknown how much money Mr. Bayona made off of this, Your Honor, but it's clear that he was being paid. He makes statements that are referenced in the PSR that he was wanting to retire, and he wanted to have enough vehicles crossing so that he could then make money off those vehicles so he could retire.
>
> Your Honor, I believe that based on all the facts set out in the PSR, based on the government's response to the defense objections, that a role adjustment conservatively of two levels is appropriate. That we have covered the importation upward adjustment, as well, as well as relevant conduct, and we would ask the court to adopt the sentencing guidelines as calculated by the Probation Department.

*Id.* at 13–14.

The Court—after hearing the arguments of counsel—denied Movant's objections as to role and direct involvement in the importation of drugs, but noted the exceptions and preserved the purported error for appeal. *Id.* at 16. The Court also adopted the PSR without change. Statement of Reasons 1, Apr. 5, 2016, ECF No. 94.

In sum, Movant's attorney did argue for minor role, but the Court determined that he did not qualify for the downward adjustment. Thus, Movant's "argument that counsel was ineffective for failing to [more aggressively] argue that he was entitled to an adjustment for his minor role lacks bases in fact and in law." *United States v. Ronquillo*, 269 F. App'x 429, 430 (5th Cir. 2008). Accordingly, Movant is not entitled to relief on this claim.

### 3. Inadequate Investigation

Movant asserts that his counsel provided ineffective assistance when he failed to investigate "his case thoroughly." Mot. to Vacate 7, Feb. 13, 2018, ECF No. 109. He contends his counsel failed "to fully investigate the depth of his co-defendants' hearsay testimony calculated to minimize their respective roles in this case." *Id.* However, Movant does not present credible exculpatory evidence which supports his allegation.

"[I]nvestigations into mitigating evidence 'should comprise efforts to discover *all reasonably available* mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor.'" *Wiggins v. Smith*, 539 U.S. 510, 524 (2003) (emphasis in original). But when bringing an ineffective assistance of counsel claim,

"[a] defendant must rely on more than bare allegations about counsel's failure to interview or produce a witness." *United States v. Curtis*, 769 F.3d 271, 276 (5th Cir. 2014). A defendant "must show that the witness's testimony, if offered, would have been exculpatory." *Id.* Indeed, "[t]o establish [a] failure to investigate claim, [a defendant] must allege with specificity what the investigation would have revealed and how it would have benefitted him." *United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000).

Movant has failed to meet this burden. He has not alleged "with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Moreover, he has not shown that going to trial would have given him a reasonable chance of obtaining a more favorable result. Thus, Movant's general statements and conclusory allegations are not enough to support an ineffective assistance of counsel claim based on a failure to investigate theory. *Knighton v. Maggio*, 740 F.2d 1344, 1349–1350 (5th Cir. 1984). Therefore, Movant is not entitled to § 2255 relief on this claim.

### 4. Meaningful Adversarial Testing

Movant avers that his counsel failed to "subject the prosecution's case to meaningful adversarial testing." Mot. to Vacate 7, Feb. 13, 2018, ECF No. 109.

"The right to the effective assistance of counsel is . . . the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 656 (1984). Prejudice—the second part of the *Strickland* test—may be inferred "if counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing." *Id.* (emphasis added); *see Strickland*, 466 U.S. at 687. This is a "narrow exception." *Florida v. Nixon*, 543 U.S. 175, 190 (2004). For it to apply, "the attorney's failure must be complete." *Bell v. Cone*, 535 U.S. 685, 697 (2002).

In this case, Movant's counsel negotiated a beneficial plea agreement and argued objections to the PSR. Hence, his counsel did not *entirely* fail to subject the prosecution's case to meaningful adversarial testing. Therefore, Movant does not benefit from a presumption that his counsel's performance prejudiced his cause. Furthermore, Movant fails to show "a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Accordingly, Movant is not entitled to relief on this claim.

### 5. Defective Indictment

Finally, Movant maintains that his counsel provided ineffective assistance when he failed to argue that the Indictment against him was "defective." Mot. to Vacate 8, Feb. 13, 2018, ECF No. 109.

According to Federal Rule of Criminal Procedure 7, "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). An indictment—such as the Indictment in this case—which alleges the offense substantially in the language of the statute and contains the essential elements of the offense is sufficient within the meaning of Rule 7(c). *Russell v. United States*, 369 U.S. 749, 762–63 (1962); *Hoover v. United States*, 358 F.2d 87 (5th Cir. 1966).

Movant "contends, although he was charged with a conspiracy, the factual proof of the case shows a series of buyer-sellers [sic] relationships, leading to a constructive amendment" of the Indictment. Mot. to Vacate 6, Feb. 13, 2018, ECF No. 109.

24

However, the evidence supports a different conclusion. PSR ¶ 52, Mar. 29, 2016, ECF No. 81. It shows that Movant served as a leader and organizer of a drug trafficking organization. He recruited others—including his wife and his employees—to participate in the organization. He was directly involved in importing drugs from Mexico into the United States. Additionally, he was arrested while attempting to bring 3.98 kilograms of cocaine from Mexico into the United States on August 12, 2015. Moreover, Movant admitted in the written Plea Agreement that on August 12, 2015, he "conspired" with his wife "and others to possess over 500 grams of cocaine, with intent to distribute that cocaine to others." Plea Agreement (Factual Summary), Jan. 13, 2016, ECF No. 63.

With this evidence against Movant, any challenge to the Indictment by Movant's counsel based on an argument that Movant was merely a drug buyer or seller would have been unavailing. "[C]ounsel is not required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (citing *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) (per curiam)). "[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

And "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Id.* at 1042.

Movant has not demonstrated by a preponderance of the evidence that his attorney's performance was deficient or prejudiced him by undermining the reliability of the judgment against him. *Strickland*, 466 U.S. at 687. Therefore, he is not entitled to relief on this claim.

## C. Unreasonable Sentence

Finally, Movant argues that the Court erred when it imposed a "substantially unreasonable" sentence on him under the Sentencing Guidelines. Mot. to Vacate 9, Feb. 13, 2018, ECF No. 109. He maintains that "[t]he record is insufficient to justify the imposition. Because the methamphetamine Guidelines, lacking in empirical proof, were improperly and inconsistently applied." *Id.*

A claim concerning a court's application of the Sentencing Guidelines is not cognizable under § 2255. *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (holding defendant's claim that district court erred in making upward departure under the Sentencing Guidelines could not be considered in § 2255 proceeding); *United States v. Vaughn*, 955 F.2d 367,

368 (5th Cir. 1992) ("Relief under 28 U.S.C.A. §2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. . . . A district court's technical application of the [Sentencing] Guidelines does not give rise to a constitutional issue.").

In addition, "a sentence within the Guidelines range is presumed reasonable." *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). In this case, the Court determined that Movant's guideline imprisonment range was 188 to 235 months based upon a total offense level of 35 and a criminal history category of II. Statement of Reasons, Apr. 5, 2016, ECF No. 94. The Court sentenced Movant at the bottom of the guideline range to 188 months' imprisonment. J. Crim. Case, Apr. 5, 2016, ECF No. 93. Thus, because the Court sentenced Movant within the recommended guideline range, his sentence is presumptively reasonable and he cannot demonstrate prejudice. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Finally, "a defendant can waive his right to file a section 2255 motion." *White*, 307 F.3d at 339. Movant overlooks the fact that the

plea agreement he signed contains a limited waiver of his right to collaterally attack his sentence through a § 2255 motion. Plea Agreement 5–6, Jan. 13, 2016, ECF No. 63. Notably, Movant does not now challenge the validity of the waiver. According to the terms of the plea agreement, Movant may proceed only "on grounds of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension." *Id.* at 5. Hence, the Court finds that Movant knowingly and voluntarily waived his claim—that the Court erred when it imposed a "substantially unreasonable" sentence—in his plea agreement.

## IV. EVIDENTIARY HEARING

A motion brought pursuant to § 2255 may be denied without a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

The record in this case is adequate to dispose fully and fairly of Movant's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## V. CERTIFICATE OF APPEALABILITY

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Movant's § 2255 Motion fails because he has not identified a transgression of his constitutional rights or alleged an injury that he could not have raised on direct appeal that would, if condoned, result in a complete miscarriage of justice. Additionally, reasonable jurists could not debate the Court's reasoning for the denial of Movant's § 2255 claims on substantive or procedural grounds—or find that his issues deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack*, 529 U.S. at 484). Thus, the Court will not issue a certificate of appealability.

## VI. CONCLUSION AND ORDERS

The Court concludes that Movant has failed to show that the Indictment was fatally defective, his counsel provided constitutionally ineffective assistance, or his sentence was unreasonable. Therefore, Movant is not entitled to § 2255 relief. Additionally, the Court concludes that Movant is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that Movant Manuel Bayona-Montes is **DENIED** an evidentiary hearing.

**IT IS FURTHER ORDERED** that Movant Manuel Bayona-Montes's "Petition for Section 2255 to Vacate, Set Aside or Reduce

Sentence" (ECF No. 109) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that Movant Manuel Bayona-Montes is **DENIED** a certificate of appealability.

IT IS FURTHER ORDERED that all pending motions are **DENIED** as **MOOT**.

IT IS FINALLY ORDERED that the District Clerk shall **CLOSE** this case.

SIGNED this _26_ day of **March, 2019**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE